## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| GLENA W.,[1] | : | Case No. 2:24-cv-3763 |
| | : | |
| Plaintiff, | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | |
| | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[2]

Plaintiff Glena W. brings this case challenging the Social Security Administration's denial of her application for a period of disability and Disability Insurance Benefits.  The case is before the Court upon Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #12), Plaintiff's Reply (Doc. #14), and the administrative record. (Doc. #7).

## I.    Background

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements.  *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a).  The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.
[2] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

Plaintiff protectively applied for benefits on October 7, 2021, alleging disability commencing December 28, 2018, due to several impairments, including: "COPD, arthritis in back and hips, [and] depression." (Doc. #7-6, *PageID* #219). After Plaintiff's application was denied initially and upon reconsideration, she requested and received a telephone hearing before Administrative Law Judge (ALJ) Breinne Mullins on May 16, 2021. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1420. She reached the following main conclusions:

Step 1:     Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of December 28, 2018, through her date last insured of December 31, 2020.

Step 2:     Through the date last insured, she had the following severe impairments: chronic pain syndrome and mild persistent asthma.

Step 3:     Through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:     Her residual functional capacity, or the most she could have done, through the date last insured, despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consisted of "light work … except [Plaintiff] can never climb ladders, ropes or scaffolds; occasionally stoop, kneel, crouch, crawl, climb ramps and stairs or balance; she must avoid all exposure to the hazards of moving machinery and unprotected heights, avoid concentrated exposure to temperature extremes, humidity and atmospheric conditions as defined by the SCO of the DOT."

"Through the date last insured, [Plaintiff] was capable of performing past relevant work as an administrative assistant and vocational trainer. This work did not require the performance of work-related activities precluded by [Plaintiff]'s residual functional capacity."

2

(Doc. #7-2, *PageID* #s 37-42). Based on these findings, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time from December 28, 2018, the alleged onset date, through December 31, 2020, the date last insured. *Id.* at 42.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7-2, *PageID* #s 35-43), Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #12), and Plaintiff's Reply (Doc. #14). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.   <u>Standard of Review</u>

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the

claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## III. <u>Discussion</u>

In her Statement of Errors, Plaintiff asserts that "[r]emand is required because the ALJ's finding that [Plaintiff] could perform her past relevant work is both legally and factually erroneous." (Doc. #8, *PageID* #680). Specifically, Plaintiff argues that the ALJ's analysis of her past work as an administrative assistant/vocational trainer includes no discussion, explanation, or even mention of the mental or physical demands of this work pursuant to Social Security Ruling (SSR) 82-62.[3] *Id.* at 694-97. Additionally, Plaintiff contends that "[r]emand is required because the ALJ failed to either adopt limitations she found credible in her residual functional capacity finding or to explain why she was omitting these credible limitations." *Id.* Finally, Plaintiff asserts that the ALJ erred by failing to account for the mild mental deficiencies from the psychiatric review technique in the residual functional capacity finding. *Id.* at 681-94. In response, the Commissioner maintains that the ALJ reasonably determined that Plaintiff could perform her past relevant work, a composite job as an administrative assistant/vocational trainer, and complied with SSR 82-62. (Doc. #12, *PageID* #s 710-18). Furthermore, the Commissioner asserts that the ALJ carefully reviewed the record, ultimately assessing a reasonable and comprehensive residual functional capacity finding for a restricted range of light work with other non-exertional limitations. *Id.*

---

[3] SSR 82-62 was rescinded and replaced effective June 22, 2024, by SSR 24-2p. Since Plaintiff's application was filed prior to the effective date of June 22, 2024, SSR 82-62 is still applicable to her claim.

### A.    The ALJ's Step 4 Past Relevant Work Assessment

In her Statement of Errors and Reply, Plaintiff asserts that the ALJ's Step Four determination that she remains capable of performing her past relevant work as an administrative assistant and vocational trainer failed to include "a finding of fact as to the physical and mental demands of the past job/occupation" as required by SSR 82-62.  (Doc. #8, *PageID*'s 694-97); (Doc. #14, *PageID* #730).

To make the past-relevant-work determination, SSR 82-62 requires the ALJ to gather information about the prior work by appraising "the individual's statements as to which past work requirements can no longer be met and the reasons for [her] inability to meet those requirements; the medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and in some cases, supplementary or corroborative information from other sources such as employers, the *Dictionary of Occupational Titles* (DOT), *etc*. on the requirements of the work as generally performed in the economy." SSR 82-62, 1982 WL 31386, at *3. Because of the "far-reaching implications" of the past-relevant-work determination, particularly when it is "a controlling issue," the regulation specifically instructs that it "must be developed and explained fully *in the disability decision*." *Id*. (emphasis added). Furthermore, "[t]he rationale for a disability decision must be written so that a clear picture of the case can be obtained. The rationale must … show clearly how specific evidence leads to a conclusion." *Id*. at *4. Finally, a decision finding a plaintiff capable of performing her past-relevant-work "must contain among the findings the following specific findings of fact:

1.   A finding of fact as to the individual's RFC,

2.  A finding of fact as to the physical and mental demands of the past
    job/occupation,

3.  A finding of fact that the individual's RFC would permit a return to [her]
    past job or occupation.

*Id*. at *4.

Plaintiff asserts that the ALJ's findings regarding her past relevant work lack sufficient detail in her decision under SSR 82-62. (Doc. #8, *PageID* #s 694-97; Doc. #14, *PageID* #730). For the following reasons, the undersigned **RECOMMENDS** sustaining Plaintiff's Statement of Errors.

Upon review of the ALJ's decision, the ALJ does not make a specific finding of fact as to the physical demands of Plaintiff's past job/occupation at any point in her decision. (Doc. #7-2, *PageID* #s 35-43). While the Commissioner contends that the ALJ made a sufficient finding by examining Plaintiff about her past relevant work and receiving the vocational expert's testimony of exertional and skill levels and DOT codes *at the hearing*, SSR 82-62 requires this specific finding of fact to be within the disability decision. (Doc. #12, *PageID* #s 716-17); *but see* SSR 82-62, 1982 WL 31386, at *3-4; *Newton v. Colvin,* No. 1:15-CV-01512, 2016 WL 3619260, at *7 (N.D. Ohio July 6, 2016) ("[I]t was incumbent upon the ALJ to make the specific factual findings as to the physical demands of Plaintiff's past relevant [work] as she performed it.").

Furthermore, even if SSR 82-62 did not specifically require the finding as to the physical demands of the past job/occupation to be within the ALJ's decision itself, both Plaintiff's hearing testimony and the ALJ's reliance on the vocational expert's testimony are not sufficiently clear to

"show clearly how specific evidence leads to a conclusion" in the ALJ's past-relevant-work determination. SSR 82-62, 1982 WL 31386, at *4. Courts in the Sixth Circuit have remanded when the ALJ did not address or rectify confusing or inconsistent hearing testimony from Plaintiff or the vocational expert. *Eltayib v. Comm'r of Soc. Sec.*, No. 1:21-CV-55, 2022 WL 2800755, at *5 (W.D. Mich. July 18, 2022) (remanding when Plaintiff's confusing testimony about past-relevant-work exertional limitations was not clarified at the hearing or in the ALJ's decision); *Jones v. Comm'r of Soc. Sec.*, 142 F. Supp. 3d 608, 618 (S.D. Ohio 2015) (Newman, M.J.) ("[R]emand is appropriate where 'the ALJ used the [VE's] testimony to assist him in deciding whether plaintiff could perform [her] past relevant work[,]' and 'the [VE's] testimony is somewhat confusing.'").

Reviewing Plaintiff's hearing testimony, the ALJ did not rectify confusing testimony sufficiently to rely upon that testimony in her past-relevant-work determination. At the hearing, when the ALJ inquired whether her past work at Mulberry Street Management was performed mostly standing, sitting, or walking, Plaintiff testified that "all three [were] involved … it was a combination of all three – sitting, standing, and then walking.". (Doc. #7-2, *PageID* #s 57-58). When the ALJ asked Plaintiff "in [the Supreme Court of West Virginia] job or the Mulberry Street job[,] [w]hich one would you say you did the most of – sitting or standing or walking," Plaintiff replied, "With the Mulberry Street job." *Id*. at 58. While the Plaintiff later testified that her Supreme Court of West Virginia job required four hours of standing and walking, the ALJ never sought further clarification of the hourly amount of sitting, standing, or walking Plaintiff performed at Mulberry Street Management. *Id*. at 58-81. As the vocational expert classified the Mulberry Street Management job as a "Vocational Training Instructor" and the ALJ found that

Plaintiff could perform her past relevant work as a "vocational trainer," the ALJ's failure to clarify the exertional limitations of the Mulberry Street Management job casts doubt on her past-relevant-work determination's rationale. *Id*. at 42, 71-72.

Finally, it is not sufficiently clear from the ALJ's decision that she relied on the vocational expert's testimony in her past-relevant work determination. (Doc. #7-2, *PageId* #42). While the ALJ is not required to call a vocational expert in making her past-relevant-work determination, the ALJ's rationale in her decision should indicate if a vocational expert's testimony is relied on as one of the corroborative sources for the ALJ's past-relevant-work determination. *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010) ("the ALJ was not required to solicit testimony from a [vocational expert] in reaching his conclusion [that plaintiff could perform her past work]."); *but see* SSR 82-62, 1982 WL 31386, at *3-4; 20 C.F.R. § 404.1560 (b)(2) ("We may use the services of vocational experts … or other resources, such as the "Dictionary of Occupational Titles" … to obtain evidence we need to help us determine whether [Plaintiff] can do [her] past relevant work, given [her] residual functional capacity."). The ALJ's decision did not indicate whether she relied on or rejected the vocational expert's testimony and his assessment of Plaintiff's past work's exertional limitations or skill levels in making her determination. (Doc. #7-2, *PageId* #42). The ALJ did not include DOT codes for Plaintiff's past relevant work or any exertional limitations or skill levels, leaving it unclear if she made her own findings as to Plaintiff's past relevant work. *Id*. In a case where the ALJ's past-relevant-work determination is the

controlling issue regarding Plaintiff's disability determination, the ALJ's failure to sufficiently develop and explain her rationale compels the undersigned to recommend remand in this case. [4]

**B.     Remand**

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

---

[4] In light of the above discussion, and the resulting recommendation to remand this case, an in-depth analysis of Plaintiff's other challenge to the ALJ's decision is unwarranted.

9

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming, and the evidence of disability is not strong while contrary evidence is lacking. However, the undersigned recommends that Plaintiff be entitled to a remand to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. If remanded, the ALJ should be directed to evaluate the evidence of record under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her application for DIB should be granted.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Statement of Errors (Doc. #8) be **SUSTAINED;**

2. The Commissioner's non-disability finding be **VACATED**;

3. No finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter be **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

5. The case be terminated on the Court's docket.


July 29, 2025                                          *s/ Peter B. Silvain, Jr.*
                                                       Peter B. Silvain, Jr.
                                                       United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).